# IN THE SUPREME COURT OF THE STATE OF NEVADA

FIRST HORIZON HOME LOANS,
Appellant,
vs.
THE ENTRUST GROUP, INC., F/B/O
PAUL U. PAWLIK,
Respondent.

No. 72995

**FILED**

JUL 20 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court summary judgment in an action to quiet title to real property. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

Appellant argues that the district court erred in granting summary judgment because the homeowners' association (HOA) promised in its CC&Rs that it would protect a first deed of trust if a homeowner defaulted on her obligations to the HOA and thus the HOA necessarily foreclosed on only the subpriority portion of its lien. As support, appellant refers to § 5.3.11 in the CC&Rs, which is entitled "Security Interest" and states,

> Any breach or amendment of this Declaration shall not affect or impair the lien or charge of any Security Interest made in good faith and for value on any Unit . . .; provided, however, that any subsequent Unit Owner of such property shall be bound hereby whether such Unit Owner's title was acquitted by foreclosure, in a trustee's sale or otherwise.

According to appellant, this provision constituted a "promise to enforce [the HOA's] superpriority lien in a manner that would not impair lenders'

SUPREME COURT
OF
NEVADA

(O) 1947A

18-27731

security," but it did not waive any of the HOA's rights in violation of NRS 116.1104 because the HOA "retained a superpriority lien and a variety of procedures for enforcing it."

We are not convinced that the cited provision in the CC&Rs reflects an election to foreclose only on the subpriority portion of the HOA's liens for unpaid assessments for three reasons.[1] First, since the CC&Rs contemplate a homeowner defaulting on assessments, it does not appear that such a default is a "breach . . . of [the] Declaration." Second, the language does not mention NRS chapter 116 or expressly state the election appellant attributes to it. Finally, such an election would be inconsistent with other provisions in the CC&Rs that reflect a clear intent to follow NRS chapter 116 without any deviations. As examples, § 5.3.5 states that the CC&Rs "are intended to comply with the requirements of [NRS chapter 116]" and that in the event of any conflict "the statutes shall control," and § 5.3.16 provides that the CC&Rs are "subject to [NRS chapter 116]" and that if any applicable changes to those statutes conflict with the CC&Rs, then the CC&Rs "shall be considered modified to the extent of such applicable change to the Act, including the removal of any provisions rendered unenforceable by virtue of a change in the Act." For these reasons, we cannot credit appellant's interpretation of § 5.3.11. Accordingly, we do not address appellant's argument that its interpretation of § 5.3.11 would not run afoul of NRS 116.1104.

---

[1]We note that appellant indicates in its opening brief that it intended to include a copy of the CC&Rs as an exhibit to its motion for summary judgment but mistakenly omitted it. The CC&Rs were included elsewhere in the record as an attachment to appellant's motion to dismiss filed in June 2014.

Alternatively, appellant argues that the district court erred in rejecting its argument that the foreclosure sale should be set aside based on equitable grounds. First, appellant argues that the district court improperly concluded that the deed recitals alone defeated appellant's request for equitable relief. We disagree as the district court also considered whether appellant had produced any evidence that the sale price was affected by fraud, unfairness, or oppression, which is the relevant inquiry under this court's decisions both before and after *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, 132 Nev. 49, 366 P.3d 1105 (2016). *See Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017). Second, appellant argues that the sale price was grossly inadequate, urging that we adopt the Restatement (Third) of Property (Mortgages) on this issue. We rejected a similar request in *Nationstar*, 133 Nev., Adv. Op. 91, 405 P.3d at 647-49, and see no reason to reconsider that recent decision. Finally, appellant argues that in addition to the grossly inadequate sale price, it presented evidence of unfairness: (1) the CC&Rs publicly represented that the HOA's foreclosure would not affect the first deed of trust and the HOA did not inform the public otherwise, thus chilling the bidding at the foreclosure sale and "lulling" appellant into a false sense of security; and (2) appellant could not tender the superpriority portion of the lien because the HOA's agent would have rejected it. As explained above, we do not agree with appellant's interpretation of the CC&Rs.[2] There also

---

[2]This case also is distinguishable from *ZYZZX2 v. Dizon*, No. 2:13-CV-1307 JCM (PAL), 2016 WL 1181666, at *5 (D. Nev. March 25, 2016) (concluding that bank showed "unfairness" in foreclosure based on

Supreme Court
OF
Nevada

(O) 1947A

3

is no evidence that appellant even offered to pay the superpriority amount, so how the HOA's agent might have responded to such an offer does not constitute unfairness affecting the sale. Because appellant did not produce evidence that the sale was affected by fraud, unfairness, or oppression, we need not consider the arguments as to respondent's putative status as a bona fide purchaser.

Consistent with *SFR Investments Pool 1, LLC v. U.S. Bank*, 130 Nev. 742, 334 P.3d 408 (2014), the HOA's foreclosure on its superpriority lien extinguished appellant's interest in the subject property. Because appellant did not produce evidence to warrant equitable relief, *see Shadow Wood*, 132 Nev. at 55, 366 P.3d at 1109, we

ORDER the judgment of the district court AFFIRMED.

_____ *Pickering* , J.
            Pickering

_____ , J.         _____ , J.
Gibbons                        Hardesty

cc:    Hon. Ronald J. Israel, District Judge
       Akerman LLP/Las Vegas
       Noggle Law PLLC
       Eighth District Court Clerk

---

mortgage protection clause in CC&Rs *and* HOA letter to bank and other interested parties stating that foreclosure would not affect the first deed of trust). *See Bayview Loan Servicing, LLC v. SFR Invs. Pool 1, LLC*, No. 2:14-CV-1875 JCM (GWF), 2017 WL 1100955, at *9 (D. Nev. Mar. 22, 2017) (explaining that *ZYZZX2* "was rendered in light of the combination of the mortgage protection clause and the HOA's misleading mailings").